[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 9, 2008
THOMAS K. KAHN
CLERK

No. 07-14314
Non-Argument Calendar

_____

D. C. Docket No. 06-20334-CR-PAS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TRUJILLO DARVILLE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(April 9, 2008)**

Before DUBINA, CARNES and BARKETT, Circuit Judges.

PER CURIAM:

Appellant Trujillo Darville appeals the denial of his motion to dismiss the

indictment, of which he now stands convicted, charging him with conspiracy and attempt to import and possess with intent to distribute cocaine, in violation of 21 U.S.C. §§ 846, 963. Darville had pled guilty and been sentenced for a substantive cocaine charge arising out of an offense involving the importation of cocaine in March 2006. The instant conspiracy and attempt charges arose out of a prior offense, committed in January 2006. Citing United States v. Reed, 980 F.2d 1568 (11th Cir. 1993), and United States v. Boldin, 772 F.2d 719 (11th Cir. 1985), Darville argues on appeal that, because the government allegedly was aware of the facts behind the January offense forming the basis of the instant indictment when it charged him for the March offense, it was now barred from prosecuting the instant indictment "because of the due diligence requirement established as an outgrowth of double jeopardy litigation."

Darville's claim involves a pure question of law, and thus, is reviewed de novo. Cf. United States v. Duarte-Acero, 208 F.3d 1282, 1284 (11th Cir. 2000). "The due diligence exception was created to permit a second prosecution in those cases in which the Double Jeopardy Clause would otherwise bar it." United States v. Maza, 983 F.2d 1004, 1008 (11th Cir. 1993). In Boldin, we stated that our holding that the prosecution was not barred by double jeopardy from bringing a 21 U.S.C. § 848 Continuing Criminal Enterprise ("CCE") charge "d[id] not preempt

the appellants' other argument that the government subject[ed] them to multiple prosecutions because, in the exercise of due diligence, it knew or should have known of the appellants' participation in a continuing series of violations of section 848." Boldin, 772 F.2d at 732. However, in Maza, a case decided later that also involved a § 848 charge subsequent to a conspiracy conviction, we noted that Boldin's discussion of a due diligence requirement was dicta. 983 F.2d at 1008 n.8. In Maza, we held that the district court's finding that the prosecution was not double-jeopardy barred, but was barred for lack of due diligence in bringing charges, was erroneous. See id. at 1008. Further, we noted that the district court:

> applied the due diligence concept to preclude a second prosecution which he had already decided was not barred by double jeopardy. This is precisely the reverse order of the correct application of the doctrine. The Double Jeopardy Clause does not preclude bringing in a second action any charge which might have been brought in the first action. Rather, it only precludes those which must have been brought in the first or be forever lost. The due diligence doctrine provides an exception in this latter situation. Thus, it follows, that if the government need not have brought all of its charges in the first action, there was nothing for it to be diligent about.

Id.

Because Darville does not argue that the instant charges violate the Due Process Clause, we conclude that the due diligence exception is inapplicable. By conceding that there was no double-jeopardy bar applicable to either indictment, he

3

cannot now argue that there was anything for the government "to be diligent about," and, thus, the due diligence exception to a double jeopardy bar is inapplicable and his due diligence challenge is baseless.  Accordingly, we affirm the district court's order denying Darville's motion to dismiss the indictment and thus affirm Darville's conviction.

**AFFIRMED.**